JUDGE McMAHON

Anthony J. Pruzinsky
Lauren E. Komsa
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff

45 Broadway, Suite 1500
New York, New York, 10006
(212) 669-0600



RECEIVED
SEP 14 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DALHOFF, LARSEN & HORNEMAN A/S
d/b/a DLH GROUP and DLH A/S

            Plaintiff,

-against-

BALTIC MERCUR JOINT STOCK CO.;
ATLANTIC RUNNER NAVIGATION, LTD.;
and M/V ATLANTIC RUNNER, its engines,
tackle, apparel, etc., in rem

            Defendants.

Docket No.: 09-cv-7880 (    )

**VERIFIED COMPLAINT**

---

The Plaintiff, Dalhoff, Larsen & Horneman A/S, d/b/a DLH GROUP and DLH A/S, by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above-named defendants, alleges upon information and belief:

1

**_FIRST_:** This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. §1333 in that plaintiff's claim against defendants arises out of the breach of a maritime contract, i.e an ocean bill of lading and/or a maritime tort of negligence. This is the proper court and venue because the bill of lading contract provides for exclusive jurisdiction in the United States District Court for the Southern District of New York.

**_SECOND_:** At and during all times hereinafter mentioned, plaintiff DLH Group ("DLH") was and now is a corporation or other business entity organized and existing by virtue of the laws of Denmark with an office and principal place of business at Skagensgade 66, Postbox 136, Taastrup Denmark 2630.

**_THIRD_** At and during all times hereinafter mentioned, defendant Atlantic Runner Navigation Ltd. (hereinafter "Atlantic Runner Navigation") was and now is a corporation or other business entity organized and existing by virtue of laws of Malta, with its principal place of business at 213 Strait Street, Valetta, Malta, and at all times hereinafter mentioned owned and operated the M/V ATLANTIC RUNNER.

**_FOURTH_:** At and during all time hereinafter mentioned, defendant Baltic Mercur Joint Stock Co. ("Baltic") was and now is a corporation or other business entity organized and existing by virtue of the laws of Russia, with its principle place of business located at 47 Stachek Avenue Apartment 31, St. Petersburg 198097, Russia. At all times relevant, Baltic was engaged in business as the beneficial owner, commercial operator and manager of the M/V ATLANTIC RUNNER.

*FIFTH*:        At and during all time hereinafter mentioned, the in rem defendant M/V ATLANTIC RUNNER ("Vessel") was the vessel that carried the subject cargo and owned, chartered, managed and/or controlled by Atlantic Runner Navigation and Baltic. At and during all times relevant, defendants were and now are corporations engaged in business as common carriers of merchandise by water for hire. The vessel is now or will be within the jurisdiction of this honorable court during the pendency of this action.

*SIXTH*.        Atlantic Ro-Ro Carriers issued bill of lading no. SPBA53070003, dated November 24, 2007, for the transport of the 433 packages of birch plywood. The bill of lading was signed by Defendant Baltic by and/or on behalf of the Master, binding both the vessel in rem and the defendants Atlantic Runner Navigation and Baltic.

*SEVENTH*:        On or about November 24, 2007, plaintiff delivered a shipment of birch plywood to the defendants and vessel in good order and condition suitable in every respect for the intended transportation, which the defendants and Vessel accepted and agreed to transport for certain consideration from St. Petersburg, Russia, to Baltimore, Maryland, aboard the M/V ATLANTIC RUNNER.

*EIGHTH:*        On or about November 24, 2007, the shipment was delivered to the defendants in good order and condition suitable in every respect for the intended transportation, which the defendants accepted and agreed to transport for certain consideration from St. Petersburg, Russia, to Baltimore, Maryland aboard the M/V ATLANTIC RUNNER.

*NINTH*:             Thereafter, the defendants and Vessel failed to deliver the cargo in the same good order and condition as when they were received in that the shipment was physically damaged.

*TENTH*:             By reason of the premises, the defendants and the Vessel were negligent and careless in handling of plaintiff's shipment and breached their duties and obligations as carriers and bailees of the cargo, and were otherwise at fault.

*ELEVENTH*:        Plaintiff was the shipper, consignee or owner of said shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, including subrogated cargo underwriters, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

*TWELFTH*:         Plaintiff has duly performed all duties and obligations on its part to be performed.

*THIRTEENTH*:    By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $251,000.

W H E R E F O R E, Plaintiff prays:

1.      That process in due form of law according to the practice of this Court may issue against the defendants.

4

2.      That if the defendants cannot be found within this District, all of their property within this District be attached in the sum set forth in this complaint, with interest and costs.

3.      That a warrant for the arrest of the vessel, M/V Atlantic Runner, in rem, her engines, tackle apparel, etc., may issue, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, and that all persons having or claiming any interest therein be cited to appear and answer, under oath all and singular the matters aforesaid; that plaintiff have a decree for its damages aforesaid, with interest and costs; and that the M/V Atlantic Runner be condemned and sold to satisfy plaintiffs' decree.

4.      Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.


Dated:  New York, New York
        September 14, 2009


                              HILL RIVKINS & HAYDEN
                              Attorneys for Plaintiff


                              By: _____
                              Anthony J. Pruzinsky
                              Lauren E. Komsa

                              45 Broadway, Suite 1500
                              New York, New York 10006
                              (212) 669-0600

## VERIFICATION

I, Lauren E. Komsa, hereby affirm as follows:

1. I am an associate of the firm Hill Rivkins & Hayden LLP, attorneys for plaintiff Dalhoff, Larsen & Horneman A/S d/b/a DLH Group and DLH A/S. I have prepared and read the foregoing Verified Complaint and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As plaintiff is a foreign citizen residing outside the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm that the foregoing statements are true and correct.

Dated: New York, New York
September 14, 2009

_____
Lauren E. Komsa